### STATE OF CONNECTICUT v. JOHN BLASIUS
### (6283)

O'CONNELL, STOUGHTON and FOTI, Js.

Argued May 18—decision released July 19, 1988

*Leah Hawley,* deputy assistant state's attorney, with
whom, on the brief, was *James Turcotte,* deputy assist-
ant state's attorney, for the appellant (state).

*Michael J. McClary,* with whom, on the brief, were
*Hugh F. Keefe, John J. Keefe* and *Charles E. Tiernan III,*
for the appellee (defendant).

PER CURIAM. Pursuant to General Statutes § 54-96,
the state appeals from the granting of the defendant's
motion to dismiss for failure of the state to allege with
adequate particularity the date and time of the offenses
charged.

Following his arrest on September 5, 1985, the
defendant was charged by short form information with

four counts of various degrees of sexual assault which were alleged to have occurred between January, 1985, and July 8, 1985. On September 16, 1985, the defendant filed a motion for a bill of particulars[1] requesting, inter alia, the precise date and time of each offense charged.

On January 8, 1987, the state filed a long form information charging the defendant in four counts. The first three counts charged sexual assault in the second degree in violation of General Statutes § 53a-71. The fourth count charged sexual assault in the fourth degree in "violation of § 53a-71."[2] Identical language was employed in each of the four counts with respect to the date and time of the violations, to the effect that "on or about a date between January 1, 1985 and through June 22, 1985, the said John Blasius did engage in sexual intercourse with another person . . . and [such other person] is mentally defective."

On January 14, 1987, the defendant filed a motion to dismiss for failure of the state to file an adequate information or bill of particulars. The defendant argued that in order to prepare his defense, including a possible alibi defense, the state must particularize the charges by disclosing to him the precise date and time of each alleged violation. The state responded that it was unable to provide the defendant with the exact dates of the alleged offense because the victim, who is mentally retarded, could only identify a twenty-five week period within which the assaults took place.

In granting the defendant's motion, the trial court concluded that "the time frame alleged, of almost six months, does impose upon [the] defendant a burden of

[1] The state did not file a bill of particulars and the defendant's motion was never acted upon by the court.

[2] The statute section cited in the fourth count of the state's long form information is evidently a typographical error and should read § 53a-73a.

sufficient magnitude to prejudice his ability to present an adequate defense of alibi." The state claims on appeal that the trial court erred in dismissing the charges against the defendant due to the state's failure to allege, with more specificity, the precise dates and times on which the crimes were committed, particularly under the circumstances of this case, where, due to the mental infirmity of the victim, the state was unable to supply more precise information. We agree.

This issue of whether, in a sexual assault prosecution in which the defendant claims the defense of alibi, the state must inform him of the exact date and time at which the crime occurred has been fully discussed in two recent opinions of this court. *State* v. *Mancinone,* 15 Conn. App. 251, 545 A.2d 1131 (1988); *State* v. *Saraceno,* 15 Conn. App. 222, 545 A.2d 1116 (1988). In those cases, we found that the state does not have a duty "to disclose information which the state does not have," particularly under circumstances in which there is no indication that the state could provide more exact information. *State* v. *Saraceno,* supra, 236 (victim a young child with limited capacity to recall exact dates). " '[A]s long as the information provides a time frame which has a distinct beginning and an equally clear end, within which the crimes are alleged to have been committed, it is sufficiently definite to satisfy the requirements of the sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution.' " *State* v. *Mancinone,* supra, 257 (information alleged that the offense occurred between August 1982, and November 1984), quoting *State* v. *Saraceno,* supra, 237 (information alleged that the crimes occurred on various dates between August 1980, and August 1983); see also *State* v. *Evans,* 205 Conn. 528, 534 A.2d 1159 (1987) (crime alleged to have occurred in the afternoon or early evening on one of the last two weekends in July, 1984); *State* v. *Laracuente,* 205 Conn. 515, 534

A.2d 882 (1987) (crime alleged to have taken place in June or July of 1984). Viewing the information in light most favorable to the state, as we must do at this stage in the proceedings; *State* v. *Evans,* supra, 536; it was error for the trial court to grant the defendant's motion to dismiss the prosecution.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.