STATE OF CONNECTICUT *v.* JOHN BLASIUS
(13506)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 4—decision released June 13, 1989

*Michael J. McClary,* with whom, on the brief, were *Hugh F. Keefe, John J. Keefe, Jr.,* and *Charles E. Tiernan III,* for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *James Turcotte,* assistant state's attorney, for the appellee (state).

GLASS, J. In a four count information, the state accused the defendant of sexually assaulting a mentally retarded adult woman. Each count alleged that the offenses occurred "on or about a date between January 1, 1985 through June 22, 1985." Because of the victim's handicap, the state was unable to allege specific dates of the offenses charged. The trial court granted the defendant's motion to dismiss the charges on the ground that the time frame alleged impermissibly interfered with his ability to assert an alibi defense. The Appellate Court set aside the trial court's judgment. *State* v. *Blasius,* 15 Conn. App. 289, 543 A.2d 790 (1988). We granted the defendant's petition for certification on the following issue: "Did the Appellate Court err in reversing the trial court's dismissal of the information against the defendant?" *State* v. *Blasius,* 209 Conn. 807, 548 A.2d 444 (1988). We now affirm the Appellate Court's judgment.

Police arrested the defendant pursuant to a warrant on September 5, 1985. According to the affidavit submitted in support of the arrest warrant, the defendant and his wife operated a community training home in Hamden. The victim, M, a moderately retarded adult female, had been a resident of the home since 1982. During the period in question, two other adult females, described as severely retarded, also resided at the community home.

In the early summer of 1985, M disclosed to her social worker that the defendant had had sexual relations with her on several occasions. An investigator for the state promptly removed her from the home. In subsequent interviews with police, M disclosed three distinct incidents of sexual relations with the defendant. She was unable to provide investigators with specific dates of the alleged incidents. She did disclose, however, that one alleged incident occurred while she was wearing shorts and another while she was wearing a sweater. According to the affidavit, although M was thirty-one years of age at the time of the alleged incidents, she possessed a mental age of a five and one-half year old child.

Upon the defendant's arrest, the state filed a short form information charging him with four counts of sexual assault in various degrees. Each count alleged that the offenses occurred "on or about" January, 1985, to July 8, 1985. On September 16, 1985, the defendant filed a motion for a bill of particulars requesting the specific date and time of each offense charged. He also filed on that date a motion for an extension of time to file notice of his intention to offer a defense of alibi. Neither the state nor the trial court took any action on the defendant's motion for a bill of particulars. On January 8, 1987, the state filed a long form information charging the defendant with three counts of sexual assault in the second degree. General Statutes § 53a-71;[1] and one count of sexual assault in the fourth

[1] General Statutes (Rev. to 1985) § 53a-71 provides: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under fifteen years of age, or (2) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual intercourse, or (3) physically helpless, or (4) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such per-

degree. General Statutes § 53a-73a.[2] Each count of the long form information alleged that "on or about a date between January 1, 1985 and through June 22, 1985, the said John Blasius did engage in sexual intercourse with another person . . . and [such other person] is mentally defective."

On January 14, 1987, the defendant moved to dismiss the charges on the ground that the state had failed to apprise him of the date or dates of the alleged incidents, and therefore compromised his ability to assert a defense of alibi. In response, the state claimed that M was unable to specify the precise dates or times. On June 17, 1987, the trial court conducted a hearing and, on July 21, 1987, issued a memorandum of decision granting the defendant's motion. The trial court found that "[a]lthough [the] court is mindful of the special difficulties inherent in prosecuting a crime of sexual assault where the victim is a child or a retarded person, and that a ruling requiring the State to set forth a specific time for the alleged offense may well leave those victims [who] require the most protection, the

son's welfare, or (5) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person.

"(b) Sexual assault in the second degree is a class C felony for which nine months of the sentence imposed may not be suspended or reduced by the court."

[2] General Statutes § 53a-73a provides: "(a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age, or (B) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual contact, or (C) physically helpless, or (D) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (E) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person; or (2) such person subjects another person to sexual contact without such other person's consent, or (3) such person engages in sexual contact with an animal or dead body.

"(b) Sexual assault in the fourth degree is a class A misdemeanor."

least protected, the court must also be mindful of the presumption of innocence and [the] defendant's right to be informed of a precise statement of the offense charged in order to adequately prepare a defense. . . . [T]his court finds that the time frame alleged, of almost six months, does impose upon [the] defendant a burden of sufficient magnitude to prejudice his ability to present an adequate defense of alibi."

On the state's appeal, the Appellate Court set aside the trial court's judgment dismissing the charges. *State v. Blasius,* 15 Conn. App. 289, 291–92, 543 A.2d 790 (1988). On certification to this court, the defendant claims that the Appellate Court erred in determining that the information should not have been dismissed. He argues that the time frame in the state's information deprived him of his state and federal constitutional rights to due process and to be informed of the nature and cause of the accusations against him. U.S. Const., amend. VI; Conn. Const., art. I, § 8.[3] In support of this

---

[3] The sixth amendment to the United States constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."

Article first, § 8, of the Connecticut constitution provides: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him; to have compulsory process to obtain witnesses in his behalf; to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great; and in all prosecutions by indictment or information, to a speedy, public trial by an impartial jury. No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed. No person shall be held to answer for any crime, punishable by death or life imprisonment, unless on a presentment or indictment of a grand jury, except in the armed forces, or in the militia when in actual service in time of war or public danger."

claim, he asserts that the temporal breadth and vagueness of the state's allegations contravenes the standard established in *State* v. *Stepney,* 191 Conn. 233, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984), and the dictates of Practice Book §§ 618 (5) and 832.[4]

" ' "The state has a duty to inform a defendant, within reasonable limits, of the time when the offense charged was alleged to have been committed. The state does not have a duty, however, to disclose information which the state does not have. Neither the [United States nor the Connecticut] constitution requires that the state choose a particular moment as the time of an offense when the best information available to the state is imprecise." *State* v. *Stepney,* supra, 242.' *State* v. *Laracuente,* [205 Conn. 515, 519, 534 A.2d 882 (1987), cert. denied, U.S. , 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988)]." *State* v. *Spigarolo,* 210 Conn. 359, 386, 556 A.2d 112 (1989); see also *State* v. *Cates,* 202 Conn. 615, 624, 522 A.2d 788 (1987).

"Generally, any time that an alibi is asserted as a defense to a criminal charge the precise time that the offense is alleged to have been committed is material to the defense." *State* v. *Evans,* 205 Conn. 528, 535, 534 A.2d 1159 (1987), cert. denied, U.S. , 108 S. Ct. 1292, 99 L. Ed. 2d 502 (1988); see *State* v. *Horton,* 132 Conn. 276, 277, 43 A.2d 744 (1945) (date of offense may become material "where a defense of alibi is to be made"); but see *State* v. *Laracuente,* supra, 519 (language pertaining to alibi in *Horton* is dicta). Nevertheless, we have on a number of occasions

---

[4] Practice Book § 618 (5) provides: "The information shall . . . contain . . . (5) A statement that such crime was committed on, or on or about, a particular date or period of time." Practice Book § 832 provides: "The judicial authority shall order that a bill of particulars disclose information sufficient to enable the defendant to prepare his defense, including but not being limited to reasonable notice of the crime charged and the date, time, and place of its commission."

"rejected the . . . claim . . . that the failure of the state to provide the exact date of the offense impermissibly compromised the defendant's alibi defense . . . . ' "[A]n alibi defense does not create a per se requirement that the state limit the times in the information more narrowly than the evidence available warrants. . . ." ' *State* v. *Laracuente,* supra." *State* v. *Spigarolo,* supra, 387, and see cases therein cited. "Moreover, we have never held that when the charges are sex related and alibi is the defense asserted that the trial court should dismiss the charges unless the state, in response to a request, can allege the precise date of the offenses." *State* v. *Evans,* supra, 535. " 'If the state [knows] to a reasonable certainty that the [offenses were] committed within a narrower time frame than that provided in the [information], then the . . . claim . . . would be more convincing.' *State* v. *Stepney,* supra, 242; *State* v. *Evans,* [supra, 536]." *State* v. *Spigarolo,* supra.

In cases such as the present one, there exists a profound tension between the defendant's constitutional rights to notice of the charges against him and to present a defense, and the state's interest in protecting those victims who need the most protection. See *State* v. *Evans,* supra, 540 (*Covello, J.,* dissenting). We are persuaded, however, that the time frame alleged in the information was, under the unique circumstances of the present case, "within reasonable limits." *State* v. *Stepney,* supra. Pretrial dismissal of an information on the ground that the time frame alleged may interfere with a defendant's ability to present an alibi defense is normally "contrary to the law which governs at this stage of the case. "On a motion to dismiss an information, the proffered proof is to be viewed most favorably to the state.' *State* v. *Morrill,* 193 Conn. 602, 611, 478 A.2d 994 (1984)." *State* v. *Evans,* supra, 536.

In *State* v. *Spigarolo,* supra, 361–62, the state had charged the defendant with several offenses, includ-

ing two counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1),[5] in connection with allegations that he had sexually molested two minor children aged nine and six. The counts alleged that the offenses were committed on "divers dates" between October, 1984, and January 3, 1985. The trial court denied the defendant's motion for a bill of particulars requesting the date or dates of the acts. On appeal, we rejected the defendant's claim that the failure of the state to specify the dates of the alleged offenses impermissibly compromised his ability to present an alibi defense. "During the investigation . . . neither [minor child] consistently disclosed any definite dates on which the incidents occurred. . . . Given the available information, the state . . . reasonably delimited the time frame of the alleged offenses." Id., 386–87; cf. State v. Hauck, 172 Conn. 140, 151, 374 A.2d 150 (1976) (information alleging risk of injury to minor over seven month period reasonable under circumstances).

In light of our holding in Spigarolo, we cannot agree with the defendant that the state's failure to assert specific dates supported the trial court's dismissal of the charges prior to trial. As in Spigarolo, the state has presented sufficient grounds to justify the time frame alleged. The trial court found that, because of her mental retardation, M could not tell investigators with any specificity when the alleged assaults occurred. Because of M's handicap, "it would have been virtually impossible to provide the . . . dates upon which the acts constituting the offenses occurred." State v. Hauck, supra, 150; State v. Spigarolo, supra, 386.

We recognize that the structure of the state's allegations may impair the defendant's ability to present an alibi defense. Nevertheless, "the effectiveness of the alibi claim is a factual question that is best left to the

[5] See footnote 1, supra.

trier for determination after all of the evidence has been presented." *State* v. *Evans,* supra, 535. M's handicap should not, nor cannot, stifle before trial the state's legitimate efforts to exercise its responsibility to her, to others similarly handicapped, and to the public. Further, we refuse to pursue the course suggested by the defendant that a dismissal is required *whenever* the time frame of alleged offenses is six months and the defendant avers an intent to assert an alibi defense. Such a requirement would "create potential for [the] untenable tactic" of interposing notice of an intent to assert an alibi defense whenever a minor or mentally handicapped complainant could not state with precision the date or time of the alleged offense. See *State* v. *Fawcett,* 145 Wis. 2d 244, 254 n.3, 426 N.W.2d 91 (1988).

Further, we acknowledge that the state cannot satisfy the requirement of providing the date or time of the offense within reasonable limits by *arbitrarily* selecting dates or times. In the present case, however, the affidavit submitted in support of the arrest warrant indicates that M informed investigators that one incident occurred while she was wearing a sweater and another while she was wearing shorts. The state may have reasonably concluded from this information that at least one incident occurred in the winter and one in the late spring or summer. Construing this information " 'most favorably to the state' "; *State* v. *Evans,* supra, 536; we cannot say that the time frame alleged was "arbitrary."[6]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[6] The defendant also argues that the state's information cannot stand because: (1) the state will be able to "enlarge" the time frame at trial if the evidence shows that any of the incidents occurred at a point prior to or after the dates alleged in the information; and (2) the dates alleged are insufficient to protect the defendant's right against double jeopardy. To the extent that these claims are presently ripe for adjudication, we have reviewed them and find them to be without merit.