[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 122)
CT Page 5820
Before the court is the third parties', Bristol-Myers Squibb and Matrix Essentials, motion to strike the third party complaint brought against them by J. C. Penny, Inc. ("J.C. Penny") as well as the apportionment complaint filed against them by the plaintiff Linda Drew. The plaintiff's complaint alleges the following facts. On December 18, 1996, the plaintiff, Linda Drew, went to have her hair colored at the J.C. Penney Styling Salon (Salon) at the Trumbull Town Center in Trumbull, Connecticut. The Salon's operators and managers were agents and employees of the defendant, J.C. Penney Company, Inc. (J.C. Penney). As a result of the negligent performance of the hair coloring procedures, the plaintiff alleges that she suffered serious injuries to her hair and scalp.
On December 29, 1998, the plaintiff filed a one-count complaint against J.C. Penney, sounding in negligence. On September 10, 1999, J.C. Penney filed a motion to cite in Matrix Essentials, Inc. (Matrix) and Bristol-Myers Squibb Company (Bristol-Myers) as additional defendants pursuant to General Statutes § 52-102a. The court, Mottolese, J.,
granted J.C. Penney's motion on October 5, 1999,[1] and J.C. Penney's third party action was commenced by service of process on Bristol-Myers on November 3, 1999 and on Matrix on November 4, 1999. On November 15, 1999, J.C. Penney filed a second two-count third party complaint against Matrix and Bristol-Myers (the third party defendants). On November 1, 1999, the plaintiff filed an apportionment complaint against the third party defendants alleging violations of General Statutes § 52-572m
et seq.
On December 1, 1999, the third party defendants filed this motion to strike J.C. Penney's third party complaint and the plaintiff's apportionment complaint. The third party defendants have submitted a memorandum of law in support of the motion and J.C. Penney has submitted a memorandum of law in opposition thereto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270-71, 709 A.2d 558 (1998). CT Page 5821
 A The Third Party Complaint
The third party defendants move to strike J.C. Penney's third party complaint on the grounds that § 52-572m et seq. provides the exclusive remedy for J.C. Penney's third party action. The third party defendants further argue that because J.C. Penney is not a product seller, as defined by § 52-572m (a), it is not entitled to file an impleader action pursuant to General Statutes § 52-577a (b)
J.C. Penney, in opposition to the motion, argues that contrary to the third party defendants' assertions, § 52-577a (b) applies only to impleader actions where the plaintiff's underlying action is brought pursuant to the Product Liability Act. Since the plaintiff did not assert a product liability action against it as a product seller, J.C. Penney argues that General Statutes § 52-102a, rather than §52-577a, is the appropriate impleader statute. J.C. Penney further argues that it has set forth a valid common law impleader action asserting negligence claims against the third party defendants.
Section 52-102a (a) provides that "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Emphasis added.) "General Statutes § 52-102a is similar in content to General Statutes § 52-577a (b) which is the statute of limitations in product liability actions. This latter statute provides: `In any [product liability] action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court.' . . .
"In Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412,207 A.2d 732 (1965), [the Supreme Court] observed that `indemnityinvolves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim forreimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others.' . . . It is evident that the language of § 52-102a, which describes a third party who may be liable to the defendant for all or part of the claim,
refers to causes of action for indemnity and contribution respectively. . . . [Thus] §§ 52-102a and 52-577a (b) implicitly authorize theinclusion of such a claim in the original product liability action CT Page 5822 without any preconditions." (Citations omitted; emphasis in original.)Malerba v. Cessna Aircraft Co., 210 Conn. 189, 194-95, 554 A.2d 287
(1989).[2]
Whether an entity is a product seller is an issue that may be determined by the court, as a matter of law. See Burkert v. Petrol Plusof Naugatuck, Inc., 216 Conn. 65, 72, 579 A.2d 26 (1990). "General Statutes § 52-572m (b) defines a product liability claim as including `all claims or actions brought for personal injury . . . caused by the . . . marketing . . . of any product.' Section 52-572n (a) allows such claims to be brought against `product sellers.' Section 52-572m
(a) defines `product seller,' in pertinent part, as `any person or entity . . . who is engaged in the business of selling such products whether the sale is for resale or for use or consumption.' To maintain a product liability action under § 52-572m et seq., the plaintiff must establish and prove, inter alia, `that . . . the defendant was engaged in the business of selling the product . . . [and] the defect existed at the time of the sale. . . .' . . . Once a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." (Citations omitted; emphasis in original.) Zichichi v. Middlesex Memorial Hosoital,204 Conn. 399, 403, 528 A.2d 805 (1987).
Here, the plaintiff's complaint alleges that J.C. Penney provided a hair coloring service as opposed to it being in the business of selling the hair coloring product. See Zichichi v. Middlesex Memorial Hospital,
supra, 204 Conn. 403. Specifically, the plaintiff alleges that J.C. Penney negligently applied a hair coloring product, which resulted in serious injuries to her hair and scalp. (See Plaintiff's Complaint, ¶ 9.) Since J.C. Penney is alleged to be a service provider rather than a product seller, the plaintiff's complaint is outside the purview of the product liability statute. See id. Indeed, the plaintiff's complaint asserts a negligence claim against J.C. Penney, not a product liability claim. Therefore, the appropriate statutory mechanism for the institution of J.C. Penney's third party action seeking indemnity is not § 52-577a (b) of the Product Liability Act, but rather subsection (b) of § 52-102a.
In the present case, J.C. Penney alleges, in its third party complaint, that the third party defendants designed, manufactured, delivered, produced, distributed and/or sold the hair coloring product that caused the plaintiff's injuries. (See Third Party Complaint, ¶ 4.) J.C. Penney asserts, however, that its third party action is predicated upon a negligence theory, rather than product liability. Nevertheless, because the third party defendants are alleged to be product sellers; see General Statutes § 52-572m (a); the third party CT Page 5823 complaint, although sounding in negligence, asserts a product liability claim. See General Statutes § 52-572m (b). Therefore, since §52-572m et seq., provides the exclusive remedy for claims asserted against product sellers; see Burkert v. Petrol Plus of Naugatuck, Inc.,
supra, 216 Conn. 73; the third party complaint asserting a common law product liability claim is legally insufficient. Accordingly, the third party defendants' motion to strike the third party complaint is granted.
 B The Apportionment Complaint
The third party defendants, in support of the motion to strike, argue that the apportionment complaint should be stricken because there is no basis for the third party complaint and the requirements for instituting an action pursuant to General Statutes § 52-102a have not been satisfied.[3] J.C. Penney, however, argues that the plaintiff is not asserting an action pursuant to the apportionment statute, General Statutes § 52-102b. Rather, J.C. Penney argues that the plaintiff asserts a valid direct product liability action against the third party defendants. The plaintiff does not oppose the third party defendants' motion to strike her apportionment complaint.
General Statutes § 52-102b (a) provides in relevant part that "adefendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint. The defendant
filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes including all purposes under 52-572h." (Emphasis added.) "If the language of a statute is plain and unambiguous, we need not look beyond the statute because we assume that the language expresses the intention of the legislature." (Internal quotation marks omitted.) Winslow v. Lewis-Shepard, Inc.,211 Conn. 462, [212 Conn. 462], 468,562 A.2d 517 (1989). "[Section] 52-102b is clear and unambiguous. Section 52-102b sets forth its exclusive application for apportionment purposes and restricts its applicability to claims under § 52-572h." Paul v. McPhee Electrical Contractors, 46 Conn. App. 18,22, 698 A.2d 354 (1997).[4]
CT Page 5824
A consideration of the language of the complaint leads one to conclude that the plaintiff's complaint asserts an apportionment action against the third party defendants pursuant to § 52-102b (a). However, the apportionment statute provides a defendant with the opportunity to file an apportionment complaint; see General Statutes § 52-102b (a); and, it is restricted in its applicability to claims under § 52-572h. SeePaul v. McPhee Electrical Contractors, supra, 46 Conn. App. 22. Therefore, the plaintiff is not entitled to assert an action for apportionment of liability pursuant to § 52-102b (a).[5]
Accordingly, the plaintiff's apportionment complaint fails to state a claim upon which relief may be granted is stricken.
Even if the court were to construe the plaintiff's "apportionment complaint" as an action pursuant to § 52-102a (c), the complaint is still legally insufficient. Notably, the plaintiff filed the "apportionment complaint" before the third party defendants appeared, rather than within twenty days after the third party defendants filed an appearance. (See Plaintiff's Apportionment Complaint, October 28, 1999.) Thus, the third party defendants' asertions that the statutory basis for the plaintiff's "apportionment complaint" is § 52-102a (c) is unavailing because the plaintiff failed to satisfy the statutory filing requirements. See General Statutes § 52-102a (c)
Based upon the foregoing, the third party defendants' motion to strike J.C. Penney's third party complaint and the plaintiff's apportionment complaint is granted.
SKOLNICK, J.