STATE OF CONNECTICUT *v.*
RONALD VUMBACK, JR.
(SC 16696)

Sullivan, C. J., and Norcott, Katz, Vertefeuille and Zarella, Js.

Argued January 6—officially released April 22, 2003

*Timothy P. Pothin,* with whom, on the brief, was *Hugh F. Keefe,* for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom were *Michael A. Pepper,* senior assistant state's attorney, and, on the brief, *Michael Dearington,* state's attorney, for the appellee (state).

*Opinion*

NORCOTT, J. The sole issue in this certified appeal is whether the Appellate Court, in affirming the defendant's conviction, properly concluded that the trial court did not abuse its discretion when it denied the defendant's motion for a bill of particulars. We conclude that, although the trial court improperly denied the defendant's motion for a bill of particulars, the defendant has failed to establish that he was prejudiced by

the denial of that motion. Accordingly, we affirm the judgment of the Appellate Court on alternate grounds.

The defendant, Ronald Vumback, Jr., was charged with two counts of the crime of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and (2),[1] two counts of the crime of attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2)[2] and 53a-70 (a) (1), one count of the crime of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (A),[3] and one count of the crime of risk of injury to a child in violation of General Statutes § 53-21.[4] After a

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[3] General Statutes § 53a-72a (a) provides in relevant part: "A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person . . . ."

[4] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child, or (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony for a violation of subdivision (1) or (3) of this subsection and a class B felony for a violation of subdivision (2) of this subsection."

court trial, the defendant was convicted on all counts and was sentenced to fifteen years imprisonment. Thereafter, the defendant appealed from the judgment of conviction to the Appellate Court, which affirmed the judgment. *State* v. *Vumback*, 68 Conn. App. 313, 332, 791 A.2d 569 (2002). We granted the defendant's petition for certification to appeal, limited to the following issue: "On the facts of this case, did the Appellate Court improperly affirm the trial court's denial of the defendant's motion for a bill of particulars?" *State* v. *Vumback*, 259 Conn. 933, 793 A.2d 1086 (2002).

The trial court reasonably could have found the following relevant facts, as set forth in the opinion of the Appellate Court. "The victim lived with her divorced mother in Wallingford. The victim was six years old in 1990 when her mother met the defendant. In July, 1991, the defendant began living with the victim's mother, the victim and her sister, and the victim's grandmother. The victim's mother and the defendant married in 1992 and had a child of their own in 1995.

"From approximately June, 1990, through July, 1996, the defendant repeatedly sexually abused and attempted to sexually abuse the victim. The sexual abuse and attempted sexual abuse occurred in the family home. On July 11, 1996, the victim's mother took the victim, who was then twelve years old, to a physician's office for treatment of a vaginal rash. Mary Peterson, a certified nurse practitioner, saw the victim and preliminarily diagnosed that the rash was likely a manifestation of the herpes virus. On July 17, 1996, the results of a vaginal culture taken from the victim on July 11, 1996, confirmed Peterson's preliminary diagnosis.

"While in the physician's office on July 17, 1996, the victim's mother informed Peterson that it was the defen-

Although § 53-21 has been amended since 1990 when the crimes here were first committed, the amendments are not relevant to this appeal. References to § 53-21 in this opinion are to the current revision of the statute.

dant who had transmitted the herpes virus to the victim.[5] The victim explained to Peterson that the defendant had been sexually abusing her for the last six years. In response, Peterson contacted the department of children and families. The victim now resides with her biological father." *State* v. *Vumback*, supra, 68 Conn. App. 315–16.

The state filed five separate informations charging the defendant with the specific crimes. Each information stated that the defendant was accused of offenses against the victim, that such offenses had occurred on "divers dates between approximately June, 1990 through July, 1996," and that the offenses had occurred at the family home. Four of the informations filed prior to the final information provided a more narrow window of time as to when some of the offenses allegedly had occurred. For example, the information filed by the state, dated August 19, 1996, pinpointed a date "between July 1 and July 10, 1996," as the dates on which the abuse allegedly had occurred. The information dated February 9, 1998, alleged that certain offenses had occurred "[o]n a date between the 5th day of July, 1996 and the 10th day of July, 1996." On March 1, 2000, the state filed an information alleging that the offenses had occurred "on a date between the 5th and the 15th day of July, 1996." The final information provided by the state, however, upon which the defendant was convicted, did not contain any of these July, 1996 dates, and merely stated that the offenses had occurred "on divers dates between approximately June, 1990 through July, 1996."

Before trial, the defendant filed three separate motions requesting a bill of particulars. All three of

[5] "At trial, however, the victim's mother asserted that the defendant was innocent and that the victim had lied about the entire six year period during which she was repeatedly sexually abused." *State* v. *Vumback*, supra, 68 Conn. App. 316 n.1.

these motions asked that the state specify the exact date, time and place of the alleged crimes. Before ruling on these motions, the trial court asked the assistant state's attorney about his knowledge of specific dates. The assistant state's attorney responded, "I cannot give the defendant anything I don't have. . . . I don't have specific dates other than what I've turned over to the defense counsel and what's been turned over to the defense counsel for years. If I had it, I'd do it. I don't." The trial court consequently denied the defendant's motions. During cross-examination, however, the victim testified that the defendant had sexually assaulted her on July 3, and July 15, 1996. Moreover, on redirect examination, the victim testified that no one ever had asked her to pinpoint the specific dates on which the sexual assaults by the defendant had occurred.

On appeal to the Appellate Court, the defendant claimed that the trial court had abused its discretion when it denied his motions for a bill of particulars.[6] *State* v. *Vumback*, supra, 68 Conn. App. 316. The Appellate Court affirmed the trial court's denial of the motion for a bill of particulars, concluding that "the state had imprecise information regarding the exact timing . . . of the sexual assaults and necessarily omitted such dates from its final information." Id., 320.[7] This certified appeal followed.

_____

[6] In addition to the certified issue that we address on appeal, the defendant also raised, in the Appellate Court, the following claims: (1) that the trial court improperly allowed into evidence certain constancy of accusation testimony in violation of *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996); (2) that the trial court improperly permitted the state to elicit expert testimony without requiring the state to make an adequate showing of reliability; and (3) that the trial court's evidentiary errors deprived him of a fair trial. *State* v. *Vumback*, supra, 68 Conn. App. 321–32.

[7] One member of the Appellate Court panel dissented from that court's conclusion that the trial court had not abused its discretion in denying the defendant's motion for a bill of particulars. See *State* v. *Vumback*, supra, 68 Conn. App. 332 (*Flynn, J.*, dissenting).

The defendant claims that the trial court improperly denied his motion for a bill of particulars. Specifically, the defendant contends that he was precluded from presenting a viable alibi defense because of the state's failure to provide him with the dates, times and places on which he allegedly had committed the crimes. The state claims, in response, that the trial court did not abuse its discretion when it denied the motion for a bill of particulars because the state "did not know to a reasonable certainty that the [offenses were] committed within a narrower time frame than that provided in the [information] . . . [and because] [t]here was no evidence that the state knew the precise dates of the offenses and deliberately withheld them from the defendant." (Citations omitted; internal quotation marks omitted.) We agree with the defendant that the trial court improperly denied his motion for a bill of particulars, but we conclude that the defendant has failed to establish that he was prejudiced in his defense on the merits as a result of that denial.

"A motion for a bill of particulars is addressed to the sound discretion of the trial court. . . . [A]n abuse of discretion in the denial of a motion for a bill of particulars can be premised only upon a clear and specific showing of prejudice to the defense . . . . The defendant has the burden of showing why the additional particulars were necessary to the preparation of his defense." (Citations omitted; internal quotation marks omitted.) *State* v. *Stepney*, 191 Conn. 233, 241, 464 A.2d 758, cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1983).

"The sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution guarantee a criminal defendant the right to be informed of the nature and cause of the charges against him with sufficient precision to enable him to meet them at trial." *State* v. *Laracuente*, 205 Conn. 515, 518, 534 A.2d 882

(1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988). "[That] the offense should be described with sufficient definiteness and particularity to apprise the accused of the nature of the charge so he can prepare to meet it at his trial . . . are principles of constitutional law [that] are inveterate and sacrosanct." (Internal quotation marks omitted.) Id. Moreover, "[t]he state has a duty to inform a defendant, within reasonable limits, of the time when the offense charged was alleged to have been committed. The state does not have a duty, however, to disclose information which the state does not have. Neither the sixth amendment of the United States constitution nor article first, § 8 of the Connecticut constitution requires that the state choose a particular moment as the time of an offense when the best information available to the state is imprecise." *State* v. *Stepney*, supra, 191 Conn. 242. "That a defendant may offer an alibi defense is a factor to be considered by the court in deciding whether to grant a motion [for a bill of particulars], but an alibi defense does not create a per se requirement that the state limit the times in the information more narrowly than the evidence available warrants." (Internal quotation marks omitted.) *State* v. *Laracuente*, supra, 520; *State* v. *Evans*, 205 Conn. 528, 535, 534 A.2d 1159, cert. denied, 485 U.S. 988, 108 S. Ct. 1292, 99 L. Ed. 2d 502 (1987) ("we have never held that when the charges are sex related and alibi is the defense asserted that the trial court should dismiss the charges unless the state, in response to a request, can allege the precise date of the offenses").

In *State* v. *Stepney*, supra, 191 Conn. 242, this court upheld the judgment of conviction based upon the state's bill of particulars, which alleged that the defendant had committed the crime within a seven hour time frame, concluding that the state could not, to a reasonable certainty, determine the time of death more

precisely. In rejecting the defendant's claim, this court explained that, "[i]f the state had known to a reasonable certainty that the murder was committed within a narrower time frame than that provided in the bill of particulars, then the defendant's claim of error would be more convincing." Id. Additionally, in *State* v. *Spigarolo*, 210 Conn. 359, 387, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989), in reliance on *Stepney*, this court rejected the defendant's claim that the state's failure to allege the exact dates of the offenses allegedly committed by the defendant violated his due process rights. In *Spigarolo*, the state alleged that the defendant, who was charged with crimes of a sexual nature against minor children, had committed the crimes on "divers dates sometime between October, 1984 and January 3, 1985 . . . ." (Internal quotation marks omitted.) Id., 385. We recognized, however, in *Spigarolo*, that the young age of the victims prevented them from disclosing any definite dates on which the incidents had occurred and that it would have been futile, due to the many continuing acts of the defendant, to provide specific dates upon which the alleged incidents had occurred. Id., 386–87. Moreover, in *State* v. *Hauck*, 172 Conn. 140, 150, 374 A.2d 150 (1976), this court upheld an information alleging that the defendant had committed the crime "on or about divers dates between [November 11, 1971] and June, 1972." (Internal quotation marks omitted.) In *Hauck*, which also involved crimes of a sexual nature against a child, this court determined that because of the continuing nature of the crimes committed, "it would have been virtually impossible to provide the many specific dates upon which the acts constituting the offenses occurred." Id.

We recognize the profound tension in cases such as the present one, "between the defendant's constitutional rights to notice of the charges against him and to present a defense," and the state's interest in prose-

cuting crimes against the youngest of victims who need the most protection. *State* v. *Blasius*, 211 Conn. 455, 461, 559 A.2d 1116 (1989).[8] We are unpersuaded, however, that the state utilized reasonable efforts in the present case to pinpoint a more narrow time frame for which the defendant was charged with these crimes. As noted previously, the state alleged that the crimes occurred over the course of a six year period, from "June, 1990 through July, 1996." Certain facts known by the state, however, should have, at the very least, led it to investigate further the dates on which at least some of these crimes had occurred. For example, the police report indicated that the victim stated that the last time the defendant had assaulted her was "two days before I went to the doctors." Moreover, there was evidence that established that the victim had visited the physician on two specific dates in July, namely, July 11, and July 17, 1996, wherein the victim disclosed to the physician and to her mother that this abuse had been occurring. The evidence also revealed that, in the report of the victim's physician of suspected child abuse to the department of children and families, filed on July 17, 1996, the physician stated that the victim had disclosed that the defendant sexually abused her "two weeks ago." Further, the victim testified at trial that no one ever had asked her to pinpoint specific dates upon which the crimes allegedly had occurred. It is within these unique circumstances that we conclude that the

[8] In *State* v. *Blasius*, supra, 211 Conn. 456, this court upheld the defendant's conviction, based upon an information that alleged that the offenses had occurred "on or about a date between January 1, 1985 through June 22, 1985." (Internal quotation marks omitted.) In *Blasius*, we stated: "In cases such as the present one, there exists a profound tension between the defendant's constitutional rights to notice of the charges against him and to present a defense, and the state's interest in protecting those victims who need the most protection. . . . We are persuaded, however, that the time frame alleged in the information was, under the unique circumstances of the present case, within reasonable limits." (Citation omitted; internal quotation marks omitted.) Id., 461.

state did not use its best efforts to provide a more narrow time frame to the defendant to allow him to defend the crimes charged against him.

Moreover, the trial court, when considering whether to grant the defendant's motion for a bill of particulars, should have inquired further into the state's representation that it did not have any more specific information about the times within which the crimes alleged had occurred. Specifically, the trial court should have considered the state's prior informations, wherein more specific dates were alleged, and inquired as to why those specific counts were subsequently removed from the final information. Because the state's prior informations included specific dates as to when the alleged crimes had occurred, and because of the broad, six year time period within which the state, in its final information, alleged that these crimes allegedly had occurred, the trial court abused its discretion in denying the defendant's motion for a bill of particulars.

The state relies on *State* v. *Saraceno*, 15 Conn. App. 222, 237, 545 A.2d 1116, cert. denied, 209 Conn. 823, 824, 552 A.2d 431, 432 (1988), for its claim that it is unreasonable, if not impossible, to impose a high degree of certitude regarding the specific dates and times of the crime, in cases such as the present one, wherein the alleged conduct had occurred for a continuous period of time and when the crimes involved young children. In *Saraceno*, the Appellate Court upheld the defendant's conviction of sexual assault and risk of injury to a child for incidents that had occurred over a three year period. Id. In upholding the conviction, the Appellate Court stated: "This court will not impose a degree of certitude as to date, time and place that will render prosecutions of those who sexually abuse children impossible. To do so would have us establish, by judicial fiat, a class of crimes committable with impunity." Id. We are not persuaded by the state's contention.

While we agree that the nature of the crimes alleged in the present case render it difficult to pinpoint specific dates and times on which the crimes had occurred, the state had at least some knowledge of the approximate dates on which some of the alleged conduct took place. This knowledge was evident from both the police report and the medical report detailing the victim's description of the abuse. Indeed, the state included these approximate dates in its prior informations, but removed them in the final information because, as counsel for the state claimed at oral argument before this court, it was unable to get consistent time periods from its interviews with the victim. The victim testified, however, that no one, prior to her cross-examination, ever had asked her to pinpoint the exact dates of the abuse. This is not a situation, therefore, in which we are holding the state to a high degree of certitude as to date, time and place that will render prosecution of those who commit crimes against children impossible. We merely are concluding that the state, under the unique circumstances of this case, failed in its duty to inform the defendant, within reasonable limits, of the time when the offense charged had been committed.

Put differently, in the present case, the state alleged that the defendant had committed the crimes over a six year time frame, and asserted that it did not have any more specific dates to provide to the defendant. The state claimed this even when facts known to the state at the time it filed its final information indicated that, the state knew of at least two approximate dates on which the crimes had occurred, namely, two weeks before, and two days before the victim's physician appointments. Thus, this is not a case of rendering prosecutions more difficult by requiring a high degree of certitude. Rather, it is a case wherein "the defendant's claim of error [was made] more convincing" because the state knew, to a reasonable certainty, that certain

of the crimes had been committed within a more narrow time frame than what was provided in the information.[9] *State* v. *Stepney,* supra, 191 Conn. 242.

Although we have concluded that the trial court abused its discretion by denying the defendant's motion for a bill of particulars, we must also determine whether the defendant has established that the denial of that motion prejudiced his defense. See *State* v. *Hauck,* supra, 172 Conn. 151. The defendant asserts that the failure of the state to provide him with a more specific bill of particulars prejudiced his ability adequately to put forth a viable alibi defense. The state claims that the defendant was not prejudiced by the failure to include more specific dates because he sufficiently was apprised of the two dates identified by the victim at trial, and because the substance of his defense on the merits would not have changed had the state specifically pleaded July 3, and July 15, 1996, as specific dates on which the crime had occurred. We agree with the state.

This court has long held that a "defendant can gain nothing from [the claim that the pleadings are insufficient] without showing that he was in fact prejudiced in his defense on the merits and that substantial injustice was done to him because of the language of the information." (Internal quotation marks omitted.) *State* v. *Spigarolo,* supra, 210 Conn. 382. Further, "[t]he defendant has the burden of clearly showing on appeal why

---

[9] As the dissent in the Appellate Court correctly noted: "If the state did not possess the information, as it claims, it is because it never asked the child victim for it. It is one thing to hold, as did our Supreme Court in *State* v. *Stepney,* supra, 191 Conn. 241–42, that a seven hour time frame as to when the murder victim died was reasonable where a more limited and precise time frame could not be determined by the state. It is quite another to burden a defendant with defending against a six year time period, as has happened here, when a more particular and limited time frame could have been alleged." *State* v. *Vumback,* supra, 68 Conn. App. 333 (*Flynn, J.,* dissenting).

the additional particulars requested by him were *necessary* to the preparation of the defense." (Emphasis added.) *State* v. *Hauck, supra,* 172 Conn. 151. "To establish prejudice, the defendant must show that the information was necessary to his defense, and not merely that the preparation of his defense was made more burdensome or difficult by the failure to provide the information. . . . [T]his court has on numerous occasions adverted to sources extrinsic to the specific count or information to determine whether the defendant was sufficiently apprised of the offense charged." (Citations omitted; internal quotation marks omitted.) *State* v. *Kyles,* 221 Conn. 643, 654, 607 A.2d 355 (1992).

In *Kyles,* this court determined that, although the trial court had abused its discretion by denying the defendant's motion for a bill of particulars, which would have identified the names of the victims of the crimes the defendant was alleged to have committed, namely, robbery, the defendant was not prejudiced by the denial. Id. In making this determination, this court concluded that the file given to the defendant by the state's attorney's office included the statement of one of the victims and, therefore, that "the defendant was aware well before trial of the name of a specific person alleged to have been robbed during the robbery." Id., 655. This court also determined that the defendant had failed to demonstrate that the specific name of the victim or victims was necessary to the defendant's defense on the merits, or that he would have prepared his defense differently had he been provided with such information. Id. Specifically, in *Kyles,* the defendant's theory of the case at trial focused on the crime of felony murder and not on the underlying robbery.[10] Id., 656. Thus, under

[10] Specifically, "[t]he focus of the defendant's case was that either the defendant was not present at the club on the night of the robbery or, alternatively, if he was, he did not shoot [the victim]. During the state's case-in-chief, the defendant's strategy was to discredit by cross-examination the only eyewitnesses who testified against him, namely, his accomplices . . . . When the defendant cross-examined . . . the only witnesses who

the facts of that case, the defendant sufficiently was apprised of the charge against him so that he had not been prejudiced in his defense on the merits, notwithstanding the trial court's abuse of discretion in denying his motion for a bill of particulars. Id.

We find the reasoning of *Kyles* persuasive in the present case, and we agree with the Appellate Court's determination that the defendant has failed to establish that he was prejudiced as a result of the trial court's denial of his motion for a bill of particulars. *State* v. *Vumback*, supra, 68 Conn. App. 320 n.3. In the present case, the defendant had access to the same information concerning the dates of the charged offenses, namely, the police report and the report of the victim's physician to the department of children and families. As the Appellate Court noted: "The defendant cannot now claim that he was unaware of the specific dates omitted from the state's final information because he had access to such information through discovery." Id. Additionally, the four prior informations filed by the state indicated various dates between the first and fifteenth of July, 1996, which the victim revealed as dates on which the abuse had occurred. These prior informations, as counsel for the defendant conceded at oral argument before this court, at least raised the suspicions of the defense as to the more narrow time frame that should have been included in the final information.

The defendant also has not demonstrated that the specific dates omitted from the state's final information were necessary to his defense. In this regard, we note that the victim was the first witness at a trial that lasted several days. Once the victim identified July 3, and

testified that they had been robbed, he did not attempt to discredit their testimony that they had been robbed, but instead attempted to show that they could not identify him as a participant in the crime because they had their heads down during the robbery." *State* v. *Kyles*, supra, 221 Conn. 655–56.

July 15, 1996, as the dates on which the defendant had committed the crime of which he was accused, the defendant could have, but did not, offer any additional alibi evidence concerning those two specific days. Although the defendant introduced general alibi evidence indicating that, over the course of the six years he often was working or enrolled in classes, he did not specifically allude to those dates, which the victim identified on cross-examination as dates on which the abuse had occurred. The defendant also did not move for a continuance to prepare for the introduction of any additional evidence once the victim identified those two days.

Furthermore, the defendant has not demonstrated that he would have prepared his defense differently had he been provided with such information in the bill of particulars. The main focus of the defendant's defense at trial was the allegation that the victim was lying about her claim that he had sexually abused her. For instance, the defendant denied that *any* abuse had occurred and offered a number of reasons why the victim would lie about the allegation of sexual abuse, including her unhappiness regarding the defendant's marriage to her mother and the possibility that the family was going to move.[11] Moreover, in the defendant's

---

[11] For instance, the defendant testified that, "I believe there was a number of reasons why [the victim] might possibly make these allegations, and they were, it was largely based on the fact that she did not want to move away from her grandmother or the locality of her father, or Wallingford. Also I believe that a lot of this had to do with [the victim's] relationship with her grandmother. [The victim] in no uncertain terms knew that there was a lot of friction between her grandmother and I think that that played a very large part in this. And I also know for a fact that [the victim] did not take well to the living situation. She was not happy with—in my heart I believe she thought her parents would get back together someday, and because [the victim's mother] and I were married that was not a possibility. I also know that she did not like to be told anything in regards to any kind of structure, and we tried to live our lives like a normal family, normal structure, · mother and father, and again, I didn't treat them any differently than I do my own child, and I know for a fact she resented that."

closing argument, he focused not only on his general alibi evidence, but on the credibility of the character evidence offered in support of the defendant and the weakness or total lack of certain medical evidence. Additionally, in his motion for a new trial, the defendant did not include any reference to the dates the victim identified as specific dates on which the defendant had assaulted her, namely, July 3, and July 15, 1996, and did not reveal the existence of any additional evidence relevant to his alibi defense. The defendant merely stated that he was entitled to a new trial because no one had asked the victim to pinpoint those dates prior to her cross-examination.

We conclude that, under the facts of this case, the defendant has failed to establish that the denial of his motion for a bill of particulars prejudiced his defense on the merits. We, therefore, affirm the defendant's conviction on alternate grounds.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.