STATE OF CONNECTICUT *v.* HARRIS CLARK
(AC 20964)

Mihalakos, Dranginis and Daly, Js.

Argued October 22, 2001—officially released April 9, 2002

*William B. Westcott*, special public defender, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Kristi Aalberg*, certified legal intern, and, on the brief, *Michael Dearington*, state's attorney, and *John P. Doyle, Jr.*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Harris Clark, appeals from the judgment of conviction, rendered after a court trial, of larceny in the second degree in violation of General

Statutes § 53a-123 (a) (3)[1] and assault in the second degree in violation of General Statutes § 53a-60 (a) (2).[2] On appeal, the defendant claims that the information filed against him was constitutionally defective in that he proceeded to trial without adequate notice of (1) the state's theory of liability on the charge of assault in the second degree and (2) the precise date on which the crimes charged were alleged to have been committed. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. On June 11, 1999, the victim, Frederick Tyson, left his home at 749 Winchester Avenue in New Haven and went to B & K Market, also on Winchester Avenue, to purchase some groceries and cigarettes. As Tyson received his change from the cashier, the defendant grabbed it from his hand. Tyson immediately snatched the change back from the defendant and reached for his groceries. The defendant then took a metal bicycle kickstand from his pocket and hit Tyson on the head. At approximately 4:30 p.m., Officer Patricia Helliger of the New Haven police department arrived on the scene and found the victim bleeding from his head. Soon thereafter, emergency medical personnel arrived and treated the victim at the scene for a one inch laceration to the head. He did not require hospitalization.

The defendant subsequently was arrested and charged with robbery in the second degree,[3] larceny in

---

[1] General Statutes § 53a-123 (a) provides in relevant part: "A person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a-119, and . . . (3) the property, regardless of its nature or value, is taken from the person of another . . . ."

[2] General Statutes § 53a-60 (a) provides in relevant part: "A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument other than by means of the discharge of a firearm . . . . "

[3] General Statutes § 53a-135 (a) provides in relevant part: "A person is guilty of robbery in the second degree when he commits robbery as defined in section 53a-133 and . . . (2) in the course of the commission of the crime

the second degree[4] and assault in the second degree. After a trial by the court, the defendant was acquitted of the charge of robbery in the second degree, but was convicted of larceny in the second degree and assault in the second degree.[5] Following his conviction, the defendant pleaded guilty to a violation of his probation. He received a total effective sentence of eight years imprisonment. This appeal followed.

## I

The defendant first claims that the third count of the second long form information charging him with assault in the second degree violated his constitutional right to fair notice.[6] In support of his claim, the defendant proffers two arguments. First, he argues that the specific acts alleged against him informed him of the charge of assault in the first degree, requiring proof of the element of "serious physical injury" caused by the use of a dangerous instrument. General Statutes § 53a-59 (a) (1).[7] Second, he argues that the state produced evidence of "simple physical injury" only and that it

or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument."

[4] See footnote 1.

[5] See footnote 2.

[6] The third count as set out in the long form information dated November 18, 1999, but filed November 17, 1999, stated: "And the Assistant State's Attorney aforesaid further accuses the defendant, Harris Clark, of Assault in the Second Degree and charges that on or about June 12, 1999, at approximately 4:13 p.m., in or about the premises of 597 Winchester Avenue, City of New Haven, State of Connecticut, the defendant, Harris Clark, did with the intent to cause serious physical injury to another person, namely, Frederick Tyson, did cause such injury to said person by means of a dangerous instrument, in violation of Section 53a-60 (a) (1) (2) of the Connecticut General Statutes."

[7] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

charged him with two distinct crimes when it made a reference to § 53a-60 (a) (1) and (2) in the third count of the long form information. The defendant argues that the reference to those two disjunctively related theories of liability for assault in the second degree made the information fatally defective because it failed to inform him of the specific charge against him. The state counters that because the defendant was at all times provided with the statutory provision charging assault in the second degree, and because that is a lesser offense included with the crime of assault in the first degree, he was provided with sufficient notice of the charge of assault in the second degree. We agree with the state.

As a preliminary matter, we note that because the defendant did not raise his claim at trial, it is unpreserved. The defendant contends, however, that his claim nonetheless is reviewable under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine. Practice Book § 60-5.[8]

"At the outset, we note our standard of review for unpreserved claims of error. Generally, to obtain appellate review for a claim of trial court error, a defendant must raise the issue by objecting at trial. . . . Only under the most exceptional circumstances will an appellate court permit the review of a claim of error that is not so preserved. . . .

"That standard, although preclusive, serves critical policy objectives. . . . Otherwise [a defendant] would be permitted to lie by and speculate upon the chances of a verdict and only raise an issue of error observed during trial in the event that the result is not favorable. . . . The 'exceptional circumstances' doctrine creates an incentive to assert claims of error at trial while the court still has the opportunity to correct any error."

---

[8] Practice Book § 60-5 provides that we "may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

(Citations omitted; internal quotation marks omitted.) *State* v. *Marrero*, 66 Conn. App. 709, 716, 785 A.2d 1198 (2001).

We first turn to the defendant's claim that review is warranted under *Golding*. Our Supreme Court stated in *Golding* that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40. "The first two prongs of *Golding* address the reviewability of the claim, and the last two involve the merits of the claim." (Internal quotation marks omitted.) *State* v. *Silva*, 65 Conn. App. 234, 240, 783 A.2d 7, cert. denied, 258 Conn. 929, 240, 783 A.2d 1031 (2001).

We will review the defendant's unpreserved claim because he has satisfied the first two prongs of *Golding*: An adequate record exists to review his claim, and he alleges a constitutional violation. The defendant cannot prevail, however, under the third prong of *Golding* because he fails to demonstrate that a constitutional violation clearly exists that deprived him of a fair trial.

"The underlying purpose of the constitutional right to be informed of the nature and cause of a criminal charge is to inform the defendant of the charge against

him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise and to make the charge definite enough to enable [the defendant] to plead his acquittal or conviction in bar of any future prosecution for the same offense . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *McMurray*, 217 Conn. 243, 249, 585 A.2d 677 (1991).

"When reviewing a claim, not raised prior to the verdict, that an information fails to charge all the essential elements of an offense, we must construe the information liberally in favor of the state. . . . Under the applicable standard of review, a conviction based upon a challenged information is valid unless the information is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." (Citations omitted; internal quotation marks omitted.) Id., 250.

The state has met its constitutional duty to inform the defendant of the nature and cause of a criminal charge when it "set[s] out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense . . . if he desires one."[9] (Internal quotation marks omitted.) *State* v. *Hollby*, 59 Conn. App. 737, 740, 757 A.2d 1250, cert. denied, 254 Conn. 947, 762 A.2d 905 (2000).

Here, the record confirms that the short form, long form and substitute long form informations not only referred to the name of the charged crime of assault

---

[9] We note that the defendant's attorney filed a motion for a bill of particulars as to the initial short form information, but for some undisclosed reason neither the state nor the court took any action on the motion. We infer from that inaction that the defendant was satisfied with the information as filed by the state.

in the second degree, but they also made reference to the pertinent statutory provision, § 53a-60.

We are unpersuaded that the state's reference to subdivisions (1) and (2) in the long form information filed on November 17, 1999, can be read to have the meaning ascribed to it by the defendant. Notwithstanding the state's reference to the two subdivisions, the defendant's argument is without merit. Moreover, his argument incorrectly relies on the language used in the long form information dated November 18, 1999, but filed on the previous day. The operative charging document is the substitute long form information that was dated and filed on November 18, 1999. That amended information referred only to § 53a-60 (a) (2) for assault in the second degree. Therefore, we conclude that the information sufficiently apprised the defendant that he had been charged properly. Furthermore, if the defendant's argument is carried to its logical conclusion, then the information that arguably charged him with assault in the first degree implicitly provided him with adequate notice that he could be convicted of assault in the second degree because assault in the second degree is a lesser offense included within the crime of assault in the first degree.[10]

Finally, "[b]ecause the defendant permitted the filing of the [final] amended information without objection and acquiesced in the proceedings, it necessarily follows that the prophylactic purpose of the rule to require

[10] It is well settled that "[w]here one or more offenses are lesser than and included in the crime charged in the information, notice of the crime charged includes notice of all lesser included offenses." (Internal quotation marks omitted.) *State* v. *Ferreira*, 54 Conn. App. 763, 767, 739 A.2d 266, cert. denied, 251 Conn. 916, 740 A.2d 866 (1999).

Assault in the second degree pursuant to General Statutes § 53a-60 (a) (2) is a lesser offense included within the crime of assault in the first degree pursuant to General Statutes § 53a-59 (a) (1). See *State* v. *Abdalaziz*, 45 Conn. App. 591, 597, 696 A.2d 1310 (1997), aff'd, 248 Conn. 430, 436, 729 A.2d 725 (1999).

adequate notice has been fulfilled." (Internal quotation marks omitted.) *State* v. *Rogers*, 38 Conn. App. 777, 790, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995), cert. denied, 516 U.S. 1084, 116 S. Ct. 799, 133 L. Ed. 2d 747 (1996). Accordingly, the defendant cannot prevail on his claim because he has failed to demonstrate that "the alleged constitutional violation clearly exists and clearly deprived [him] of a fair trial" pursuant to the third prong of *State* v. *Golding*, supra, 213 Conn. 240.

The defendant also cannot prevail under the plain error doctrine. We note that "[s]uch review is extremely limited. As our Supreme Court has noted, [p]lain error review is reserved for truly extraordinary situations . . . and is not even implicated unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Miller*, 67 Conn. App. 544, 555, 787 A.2d 639, cert. denied, 259 Conn. 923, 792 A.2d 855 (2002). On the basis of our thorough review of the record and briefs, the defendant has not shown that the challenged language of the information has impugned the fairness of, integrity of or public confidence in the judicial proceedings and, therefore, we conclude that plain error review is not warranted.

II

The defendant's final claim is that the state violated his constitutional right to notice of the charges against him when it did not prove that the crime charged occurred on the precise date alleged in the information, thereby limiting his ability to present an alibi defense. Specifically, he maintains that the use of the language "on or about June 12, 1999," in each of the counts failed to notify him adequately that he would be convicted of crimes that occurred, as shown by the testimony at trial, on June 11, 1999. We disagree.

The defendant admits that his claim was not properly preserved at trial; therefore, he seeks appellate review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. Because the defendant's claim is of constitutional magnitude and the record is adequate for review, we will review the claim under *Golding*.

The Supreme Court previously has held that "when time is not a material element of the crime charged or when a precise date is unavailable [and] [w]here the [information] alleges that an offense allegedly occurred on or about a certain date, the defendant is deemed to be on notice that the charge is not limited to a specific date. . . . The courts agree that when the [information] uses the on or about designation, proof of a date reasonably near to the specified date is sufficient. . . . This is true even when the defendant asserts an alibi for the date of the alleged offense designated 'on or about' in the information." (Citations omitted; internal quotation marks omitted.) *State* v. *Bergin*, 214 Conn. 657, 674, 574 A.2d 164 (1990). Thus, the date alleged in the information was within the reasonable limits of the date when the charged offense allegedly occurred.

Moreover, our Supreme Court also has held that "[a]s long as an information provides the statutory name of the offense . . . identifie[s] the place of the offense, the names of the victims, and the general nature of the acts . . . the allegations . . . [are] sufficient." (Internal quotation marks omitted.) *State* v. *Solek*, 242 Conn. 409, 424, 699 A.2d 931 (1997).

Here, the information not only provided the statutory name of the offense, but also identified the place of the offense, the name of the victim and the general nature of the acts. Thus, contrary to the defendant's argument that the information failed to provide him with notice of the crime charged, the allegations were sufficient. See id.

Furthermore, "to establish a violation of the right to fair notice, a defendant must show not only that the information was insufficient, but also that he was in fact prejudiced in his defense on the merits and that a substantial injustice was done because of the lack of specificity in the pleadings. . . . Such a showing amounting to a deprivation of his constitutional right to adequate notice of the charges against him is not made, however, merely by establishing that the presentation of his . . . defense may be more burdensome and difficult." (Internal quotation marks omitted.) *State* v. *Barnett*, 53 Conn. App. 581, 597, 734 A.2d 991, cert. denied, 250 Conn. 918, 738 A.2d 659 (1999). The defendant has not persuaded us that he was prejudiced to the extent that he was deprived of a fair trial. Accordingly, the defendant's claim fails under the third prong of *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.