STATE OF CONNECTICUT *v.* DANIEL CARNEIRO
(AC 22529)

Foti, Dranginis and Flynn, Js.

Argued January 7—officially released April 29, 2003

*Lisa J. Steele*, special public defender, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, *Cara F. Eschuk*, senior assistant state's attorney, and *David C. Nelson*, certified legal intern, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Daniel Carneiro, appeals from the judgment of conviction, rendered after a jury trial, of one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), one count of risk of injury to a child in violation of General

Statutes § 53-21 (a) (2) and one count of intimidating a witness in violation of General Statutes § 53a-151a (a) (1). On appeal, the defendant claims that the trial court (1) violated his constitutional rights to due process by failing to strike, sua sponte, the testimony of three expert witnesses of the state that supported the credibility of the victim and (2) abused its discretion by permitting the state to amend its information after voir dire had begun. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The victim was born on June 28, 1986.[1] He resided with his parents and three siblings in an apartment on the second floor of a building. The first floor of the building previously was used as a store, but prior to 2000, it consisted of an unfinished room furnished with a couch, a small television and a chair. The defendant, who was related to the victim's mother, slept on the couch on the first floor occasionally from 1997 through 1999. On various occasions, the victim would watch television downstairs and would sometimes sleep downstairs on the couch. On one such night, the defendant lay down next to the sleeping victim and proceeded to remove both his and the victim's clothing. The defendant then inserted his penis into the victim's rectum. While he was assaulting the victim, the defendant held a knife on the victim and said: "If you don't do this, I'm going to hurt you."

The victim did not disclose the sexual assault until June 28, 1998, after he was admitted to Saint Mary's Hospital in Waterbury for acute mental status changes. While at the hospital, the victim confided to his stepsister, who did not live with his family, that the defendant

---

[1] In accord with court policy to protect the privacy rights of victims in matters concerning sexual assault and injury or risk of injury to a child, we decline to identify the victim or others through whom her identity may be disclosed. See General Statutes § 54-86e.

had done "something" to him. After the victim's discharge from the hospital, he visited his step-sister at her house and described the sexual assault. On March 18, 2000, the victim was taken to Waterbury Hospital. There, he revealed to the hospital staff that the defendant had sexually assaulted him. As statutorily mandated reporters, the staff reported this sexual assault to the state department of children and families. The department of children and families then contacted the police department.

Police Detective David Bromley attempted to contact the defendant, who was then residing in Texas, by telephone on seven different occasions in April, 2000, to discuss the allegations. The defendant did not return these calls. In June, 2000, the defendant placed two calls to the victim and the victim's mother. During the first telephone call, the defendant asked the victim's mother why the police were looking for him and then threatened to do harm to her if he was arrested. During the second telephone call, both the victim and the victim's mother were listening when the defendant threatened to harm them both after stating that "I heard that I did something to [the victim]." Additional facts will be set forth as necessary.

I

The defendant's first claim is that his constitutional rights to due process were violated by the court's failure to strike, sua sponte, the testimony of three expert witnesses of the state that supported the credibility of the victim. Specifically, the defendant argues that the testimony should have been stricken because an expert cannot testify as to her opinion of a witness' credibility. This claim was unpreserved at trial and, therefore, the defendant seeks review under both *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), and the plain error doctrine. We decline to review this claim.

During the state's case-in-chief, Alok Bhargava, a pediatric neurologist, testified as an expert in the evaluation of memory functions of pediatric patients. He was not asked whether the victim had fabricated the story about the defendant's having sexually assaulted the victim. In response to questions concerning a fight at school, Bhargava stated that the victim was reliable in his story. He also testified that children with borderline intelligence, such as the victim in this case, have a difficult time "cook[ing] up things or mak[ing] up things." Rosalie Guest testified as an expert in the treatment of individuals suffering from posttraumatic stress disorder and stated on cross-examination by the defendant that she believed the victim had been sexually assaulted. The court gave a curative instruction shortly after her testimony.[2] Finally, Kimberly Massey, a lay witness who had not been qualified as an expert and who was a counselor in the child psychiatric in-patient unit at Yale-New Haven Hospital testified that she did not believe that any of the victim's disclosures of the sexual assault were manipulative. The defendant did not object on the record to any of this testimony. Therefore, we have no record that the court was ever alerted to his claims on these issues, which the defendant raises for the first time on appeal.

Due to his failure to preserve this claim through proper objection, the defendant, in order to prevail, must do so under either *Golding* or the plain error doctrine. We conclude that the defendant cannot succeed under either avenue.

---

[2] The curative instruction was as follows: "Counsel just brought to my attention and it—it did strike me when it happened, that [Guest] testified that she, in fact, believed the victim in this case, [the victim].

"I am instructing you that that is not an area of consideration for Ms. Guest. You are the ultimate finders of fact, and that means you make the ultimate decision whether or not the victim is believable. It's not up to [Guest] to make that determination, and you're not to accept the fact that she believed [the victim] as binding on you."

To prevail under *Golding*, a defendant must meet all of the following conditions: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. We conclude that the defendant cannot succeed under *Golding*'s second prong because his claim is not of constitutional magnitude.

The defendant's claim was squarely addressed in *State* v. *Toccaline*, 258 Conn. 542, 783 A.2d 450 (2001). In that case, our Supreme Court held that an unpreserved claim alleging that an expert witness improperly testified regarding the credibility of a victim fails under the second prong of *Golding*. Id., 550. The facts of *Toccaline* were similar to those currently before us. There, a licensed clinical social worker testified that it was his opinion that a sexual assault victim's testimony was truthful. Id., 548. Our Supreme Court stated that "[i]n essence, the defendant attempts to put a constitutional tag on a nonconstitutional evidentiary ruling. . . . We previously have stated that the admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved. . . . The trial court's exercise of discretion in admitting expert testimony is not to be disturbed unless it has been abused or the error is clear and involves a misconception of the law. . . . The errors claimed by the defendant in the present case are simply evidentiary in nature." (Citations omitted; internal quotation marks omitted.) Id.; see also *State* v. *Grenier*, 257 Conn. 797, 806–807, 778 A.2d 159 (2001) (admission of expert testi-

mony vouching for credibility of witness is evidentiary in nature). Accordingly, we conclude that the defendant cannot prevail under *Golding* because his claim is not of a constitutional nature.

The defendant also argues that the admission of the testimony of Bhargava, Guest and Massey constituted plain error pursuant to Practice Book § 60-5.[3] This claim was also rejected in *Toccaline.* "Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Citations omitted; internal quotation marks omitted.) *State* v. *Toccaline,* supra, 258 Conn. 552–53. Our Supreme Court held in *Toccaline* that the admission of an expert witness' testimony concerning the credibility of a sexual assault victim did not constitute plain error. Id., 553.

We conclude that, in this case, the admission of the testimony of Bhargava, Guest and Massey does not amount to plain error. Assuming, without deciding, that the testimony was improper, "[w]e do not agree that the admission of [the] testimony undermined the fairness or integrity of the trial afforded to the defendant. Further we see nothing in the record that leads us to conclude that the verdict constituted manifest injustice to the defendant or will lead to diminished confidence in our judicial system." Id. (no plain error in admission of expert testimony vouching for credibility of sexual assault victim).

---

[3] Practice Book § 60-5 provides in relevant part that "[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

## II

The defendant's second claim is that the court abused its discretion in allowing the state to amend the information after voir dire had begun to change the date on which the sexual assault allegedly occurred. Specifically, the defendant argues that the state is required to provide a time frame with a distinct beginning and clear end. See *State* v. *Saraceno*, 15 Conn. App. 222, 237, 545 A.2d 1116, cert. denied, 209 Conn. 823, 824, 552 A.2d 431, 432 (1988). The absence of this time frame, the defendant contends, prejudiced his rights because he was forced to disclose as his alibi that he was incarcerated for a portion of 1998, a disclosure which impaired his credibility, and because he was unable to question the venirepersons about whether the fact that he had been incarcerated would affect their impartiality in the case.[4] We are not persuaded.

The following facts are necessary for our resolution of this claim. On July 5, 2001, the state filed a substitute long form information. In it, the state alleged that the defendant had committed sexual assault in the first degree "on a date between January 1, 1999 and June 27, 1999." In a subsequent amended information, this

---

[4] The defendant in his brief argues that this claim should be reviewed under *Golding* even though he did not specifically object to the amendment on the ground that it prejudiced his ability to voir dire the venirepersons. The state asserts, pursuant to *State* v. *Jones*, 46 Conn. App. 640, 653 n.9, 700 A.2d 710, cert. denied, 243 Conn. 941, 704 A.2d 797 (1997), that we should not review this claim because the defendant failed to object to the court on the ground that his voir dire rights were violated, but rather objected only on the ground of inadequate notice. We conclude, however, that this claim was properly preserved for appellate review. "The defendant objected and excepted to the late amendment on the ground of lack of notice when the issue was first raised. The impaired voir dire claim is not an essential component or specification of the objection to an on-trial amendment that violates Practice Book § [36-18] but rather constitutes the type of prejudice or harm to the defendant that results from the lack of notice." *State* v. *Welch*, 25 Conn. App. 270, 274, 594 A.2d 28 (1991), rev'd on other grounds, 224 Conn. 1, 615 A.2d 505 (1992). We, therefore, review the defendant's claim.

six month time frame was reduced to "a date in approximately June 1998," the preceding year.[5] The state, in its bill of particulars filed on July 18, 2001, indicated: "The State is unable to determine the exact time the offense was committed. The complainant has no good sense of time. However, anticipated testimony from witnesses will be offered to show that the complainant's initial disclosure was in June 1998 and such testimony may indicate that the assault took place within a relatively short time before the initial disclosure."

The defendant was also charged in the July 5, 2001 substitute long form information with violating § 53-21 "on a date in 1999." This time frame was changed to the preceding year "on a date in approximately June 1998" in the amended information. In its bill of particulars, the state again informed the defendant, as it did in the sexual assault count, that the victim did not have a good sense of time and that the evidence may show that the assault occurred within a relatively short time before the victim's initial disclosure in June, 1998.

The defendant objected to the motion to amend the information and the bill of particulars, arguing that he was not provided with a specific time frame for which he had to defend. In response to the amended information, the defendant filed a notice of alibi six days later on July 24, 2001, alleging that he was incarcerated when the sexual assault was committed. Evidence at trial demonstrated that the defendant was incarcerated from May 5 until September 29, 1998.

Practice Book § 36-18 provides: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to

---

[5] Because voir dire began on July 6, 2001, the state was required to seek judicial permission to file this amended information on July 18, 2001. See *State* v. *Pickering*, 38 Conn. App. 536, 542, 662 A.2d 804, cert. denied, 235 Conn. 907, 665 A.2d 905 (1995).

amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. . . ." We review the court's determination to allow an amendment to an information after trial has commenced under an abuse of discretion standard. See *State* v. *Nicholson*, 71 Conn. App. 585, 595, 803 A.2d 391, cert. denied, 261 Conn. 941, 808 A.2d 1134 (2002). Here, however, the defendant claims that the amendments themselves caused the charging documents to provide inadequate notice, rather than merely delayed notice.

The defendant argues that the court abused its discretion in permitting an amended information in which the state failed to provide a time frame with a distinct beginning and clear end during which the sexual assault was allegedly committed, thus violating his constitutional rights. We are not persuaded. Our Supreme Court has held that "[t]he state has a duty to inform a defendant, within reasonable limits, of the time when the offense charged was alleged to have been committed. The state does not have a duty, however, to disclose information which the state does not have. Neither the sixth amendment [to] the United States constitution nor article first, § 8, of the Connecticut constitution requires that the state choose a particular moment as the time of an offense when the best information available to the state is imprecise." (Internal quotation marks omitted.) *State* v. *Laracuente*, 205 Conn. 515, 519, 534 A.2d 882 (1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988). Furthermore, the constitutional notice requirement "does not obligate the state to provide the defendant with a specific date of the alleged offense, when time is not a material element of the crime charged or when a precise date is unavailable." *State* v. *Bergin*, 214 Conn. 657, 674, 574 A.2d 164 (1990).

It is important to recognize what the defendant does not contest on appeal. The defendant does not claim that the state had, or could have obtained, more precise information or purposefully withheld information concerning the dates of the sexual assault.[6] Nor does the defendant contend that time is an essential element of the crimes charged.[7] Finally, the defendant does not argue that the state cannot allege a lengthy time frame where it has only imprecise information from a mentally handicapped, youthful victim. Rather, the defendant argues that the court improperly allowed the state to amend its information to allege a time frame that did not have a distinct beginning and thereby did not provide him with adequate notice of the dates for which he had to prepare his defense. The defendant relies on the language of *State* v. *Saraceno*, supra, 15 Conn. App. 237, which states: "[A]s long as the information provides a time frame which has a distinct beginning and an equally clear end, within which the crimes are alleged to have been committed, it is sufficiently definite to satisfy the requirements of the sixth amendment to the United States constitution and article first, § 8, of the

[6] In the present case, the state possessed imprecise information concerning the sexual assault due to the victim's age and mental impairments. The victim was eleven years old when the sexual assault occurred and had been diagnosed as having borderline intelligence and mild problems with memory functions. We have noted "that in a case involving the sexual abuse of a very young child, that child's capacity to recall specifics, and the state's concomitant ability to provide exactitude in an information, are very limited. The state can only provide what it has. This court will not impose a degree of certitude as to date, time and place that will render prosecutions of those who sexually abuse children impossible. To do so would have us establish by judicial fiat, a class of crimes committable with impunity." *State* v. *Saraceno*, supra, 15 Conn. 237. We have also recognized that the mental infirmity of a victim may also lead to imprecise dates for the commission of an offense. See *State* v. *Blasius*, 15 Conn. App. 289, 291, 543 A.2d 790 (1988), aff'd, 211 Conn. 455, 559 A.2d 1116 (1989). The force of these rules is strengthened where mental impairments are added to the youth of the victim.

[7] See *State* v. *Saraceno*, supra, 15 Conn. App. 236 (time is not essential ingredient of crime of sexual assault).

Connecticut constitution." The defendant's argument is misplaced.

We have consistently held that the state is permitted to charge that a defendant committed a crime "on or about" a certain date.[8] "[W]hen time is not a material element of the crime charged or when a precise date is unavailable [and] [w]here the [information] alleges that an offense allegedly occurred on or about a certain date, the defendant is deemed to be on notice that the charge is not limited to a specific date." (Internal quotation marks omitted.) *State* v. *Clark*, 69 Conn. App. 41, 50, 794 A.2d 541 (2002). Because the state can allege that a crime occurred "on or about" a certain date when time is not a material element of the offense, it follows that such a time frame would not have a distinct beginning or clear end. Our Supreme Court has stated that "when the [information] uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient." (Internal quotation marks omitted.) *State* v. *Bergin*, supra, 214 Conn. 674.

Our analysis of *Saraceno* reveals that there we confronted an information which alleged various sexual assaults that occurred on uncertain dates over a three year period. *State* v. *Saraceno*, supra, 15 Conn. App. 226 n.1. For example, in the seventh count, the *Saraceno* information set out that "on uncertain dates between November 1980 and May 1983," a three year period

[8] Subsequent to our decision in *Saraceno*, other cases have affirmed its holding. In *State* v. *Mancinone*, 15 Conn. App. 251, 257–58, 545 A.2d 1131, cert. denied, 209 Conn. 818, 551 A.2d 757 (1988), cert. denied, 489 U.S. 1017, 109 S. Ct. 1132, 103 L. Ed. 2d 194 (1989), we held that a bill of particulars that alleged a time frame of "on divers dates between August 1982 and November 1984" did not deprive the defendant of his constitutional right to adequate notice. In *State* v. *Blasius*, 211 Conn. 455, 456, 559 A.2d 1116 (1989), our Supreme Court held that an information alleging that the offenses occurred "on or about a date between January 1, 1985 through June 22, 1985" was sufficient to survive the defendant's motion to dismiss the information based on a claim of a violation of his constitutional rights to notice.

without a distinct beginning or end, the defendant committed sexual assault in the second degree. Id. Yet, the *Saraceno* court held that the trial court did not abuse its discretion in denying the defendant's request for a further bill of particulars. Id., 237. In contrast, the time frame alleged in the charging documents in this case is more analogous to an allegation that the crime was committed "on or about" a certain date. The time frame is far shorter than that in *Saraceno*.

Here, the language of the charging documents revealed that the state was not alleging that the sexual assault occurred on one specific date. The amended information alleged that the sexual assault occurred "on a date in *approximately* June 1998 . . . ." (Emphasis added.) The bill of particulars indicated that the sexual assault occurred "within a relatively short time" before the victim's initial disclosure in June, 1998. Records disclosed to the defendant and the prosecutor's remarks prior to trial informed the defendant that the victim made the disclosure on June 28, 1998, when the victim was being treated at Saint Mary's Hospital in Waterbury. See *State* v. *McDougal*, 241 Conn. 502, 522, 699 A.2d 872 (1997) (" '[t]his court has on numerous occasions adverted to sources extrinsic to the specific count or information to determine whether the defendant was sufficiently apprised of the offense charged' "). Furthermore, the defendant was made aware through the bill of particulars that the victim did not have a good sense of time and would be imprecise in his recollection of when the sexual assault occurred.

The defendant, therefore, had adequate notice that the sexual assault allegedly was committed on a date reasonably near June 28, 1998. The state argued to the jury that the sexual assault occurred on a date in late April or early May, 1998. These dates are not outside the bounds of "a relatively short time" before the vic-

tim's initial disclosure in June, 1998, and, therefore, fall within the charged time frame.

We next turn to whether the court abused its discretion in allowing the state to amend the information after voir dire had begun. Practice Book § 36-18 "is primarily a notice provision. Its purpose is to ensure that the defendant has adequate notice of the charges against which he must defend. . . . It is the defendant's burden to provide a specific showing of prejudice resulting from the state's delay in providing notice of the charge against which [he] must defend." (Internal quotation marks omitted.) *State* v. *Phillips*, 67 Conn. App. 535, 543, 787 A.2d 616 (2002). "It is within the trial court's discretion to allow an amendment to the information. On appeal, review of the trial court's decision to permit an amendment to the information is one of abuse of discretion. . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *Nicholson*, supra, 71 Conn. App. 595.

The defendant first claims that he was prejudiced by the amended information because the amorphous nature of the charging document language concerning the date of the offense allowed the state to move back the date of the offense to defeat his alibi. We disagree. The information and bill of particulars were filed on July 18, 2001. Not until six days later did the defendant file notice of his alibi. The state did not file a subsequent amended information after the defendant disclosed his alibi to allege a different time period.

"Because the bill of particulars limits the state to proving that the defendant committed the offense in substantially the manner described, we do not require the state to limit the date in the information more narrowly than the evidence available warrants, even if the

defendant attempts to assert an alibi defense. . . . An alibi claim is a factual question that should be left to the jury once all of the evidence has been presented." *State* v. *Bergin,* supra, 214 Conn. 675–76. "[A]n alibi defense does not create a per se requirement that the state limit the times in the information more narrowly than the evidence available warrants." (Internal quotation marks omitted.) *State* v. *Blasius,* 211 Conn. 455, 461, 559 A.2d 1116 (1989). Even if the defendant had an alibi defense for a portion of the charged period, that fact does not render the time frame improper. See *State* v. *Clark,* supra, 69 Conn. App. 50. The fact that the presentation of an alibi defense may be more burdensome or difficult due to an enlarged time frame does not amount to prejudice. See *State* v. *Evans,* 205 Conn. 528, 536, 534 A.2d 1159 (1987), cert. denied, 485 U.S. 988, 108 S. Ct. 1292, 99 L. Ed. 2d 502 (1988). Our conclusion that the defendant had adequate notice of the time frame alleged leads us to find that the defendant was aware that his alibi would cover only a portion of the time period and voluntarily chose to pursue his alibi defense.

The defendant also argues that he was prejudiced by the amended information because he was precluded from questioning the venirepersons about his alibi of incarceration and what effect, if any, it would have on their impartiality. This does not amount to prejudice of a substantive right. "A bare assertion of prejudice is not sufficient to support a claim of prejudice. . . . The defendant must provide a specific showing of prejudice in order to establish that he was denied the right of due process of law . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Ryan,* 53 Conn. App. 606, 621, 733 A.2d 273 (1999). "Such a showing amounting to a deprivation of his constitutional right to adequate notice of the charges against him is not made, however, merely by establishing that the presen-

tation of his . . . defense may be more burdensome and difficult." (Internal quotation marks omitted.) *State* v. *Rogers*, 38 Conn. App. 777, 789, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995), cert. denied, 516 U.S. 1084, 116 S. Ct. 799, 133 L. Ed. 2d 747 (1996). The record does not reveal any indication that the defendant would have questioned the potential jurors on his alibi defense or that the jury was biased in any way by the presentation of his alibi defense. The defendant also failed to object to the continuation of voir dire until he had researched a potential alibi. Nor did he ask the court for permission to voir dire the already selected jurors again about the incarceration after he disclosed his alibi.

In summary, the defendant does not contest (1) that the state had, or could have obtained, more precise information or purposefully withheld information concerning the dates of the sexual assault, (2) that time is an essential element of the crimes charged or (3) that the state can charge a lengthy time frame where it only has imprecise information from a mentally handicapped, youthful victim.

Because the defendant was provided with adequate notice of the time frame during which the sexual assault allegedly was committed and has failed to establish any prejudice resulting from the state's amendments, we conclude that the court did not abuse its discretion in allowing the state to amend its information.

The judgment is affirmed.

In this opinion the other judges concurred.