## DANIEL CARNEIRO *v.* COMMISSIONER
## OF CORRECTION
## (AC 28417)

Flynn, C. J., and McLachlan and West, Js.

Argued April 21—officially released August 5, 2008

*Christopher M. Neary*, special public defender, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Cara Eschuk*, former supervisory assistant state's attorney, for the appellee (respondent).

WEST, J. The petitioner, Daniel Carneiro, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that his trial counsel did not render ineffective assistance of counsel by failing to object to certain testimony of three witnesses. We affirm the judgment of the habeas court.

The following factual and procedural history is relevant to our disposition of the petitioner's appeal. On August 31, 2001, the petitioner was convicted, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and intimidating a witness in violation of General Statutes § 53a-151a (a) (1). On October 17, 2001, the court sentenced the petitioner to twenty-five years in prison, suspended after twenty-three years, and thirty-five years of probation. The petitioner's conviction was affirmed on direct appeal. *State* v. *Carneiro*, 76 Conn. App. 425, 820 A.2d 1053, cert. denied, 264 Conn. 909, 826 A.2d 180, cert. denied, 540 U.S. 915, 124 S. Ct. 304, 157 L. Ed. 2d 208 (2003). On October 31, 2006, the petitioner filed a second, substituted amended petition for a writ of habeas corpus. On November 15, 2006, a hearing was held on the petition before the court. On November 30, 2006, the court issued a memorandum of decision, denying the petition for a writ of habeas corpus. On December 12, 2006, the court granted the petitioner certification to appeal from the denial of his petition for a writ of habeas corpus. On December 26, 2006, the petitioner filed this appeal. Additional facts will be set forth as necessary.

We begin by setting forth the applicable standard of review. "Our standard of review of a habeas court's

judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Floyd* v. *Commissioner of Correction*, 99 Conn. App. 526, 529–30, 914 A.2d 1049, cert. denied, 282 Conn. 905, 920 A.2d 308 (2007).

"In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Floyd* v. *Commissioner of Correction*, supra, 99 Conn. App. 530.

The petitioner claims on appeal that the court improperly concluded that his trial counsel did not render ineffective assistance of counsel when he failed to object to certain testimony of three expert witnesses. Specifically, he asserts that his attorney failed to object when each of the three witnesses improperly vouched for the credibility of the victim. We do not agree with the petitioner.

These additional facts are relevant to our disposition of the petitioner's appeal. The victim[1] resided with his

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

parents and three siblings in an apartment on the second floor of a building. "The [petitioner] slept on the couch on the first floor occasionally . . . . On various occasions, the victim would watch television downstairs and would sometimes sleep downstairs on the couch. On one such night, the [petitioner] lay down next to the sleeping victim and proceeded to remove both his and the victim's clothing. The [petitioner] then inserted his penis into the victim's rectum. While he was assaulting the victim, the [petitioner] held a knife on the victim and said: 'If you don't do this, I'm going to hurt you.' " *State* v. *Carneiro*, supra, 76 Conn. App. 427. The victim eventually disclosed the assault, and the petitioner was arrested subsequently. Id., 427–28.

During trial, the state called several witnesses to testify. Alok Bhargava, a pediatric neurologist, testified as an expert in the evaluation of memory functions of pediatric patients. Rosalie Guest, a registered nurse and a counselor at the Child Guidance Clinic in Waterbury, testified as an expert in the treatment of individuals suffering from post-traumatic stress disorder. Finally, Kimberly Massey, a counselor in the child psychiatric inpatient unit at Yale-New Haven Hospital, testified. Id., 429.

The petitioner argues that his trial counsel failed to object when, during their testimony, Bhargava, Guest and Massey made comments that constituted improper vouching for the credibility of the victim. First, the petitioner refers to the fact that Bhargava testified that the victim had been consistent in what he told Bhargava during the several years he treated him. Furthermore, the petitioner refers to Bhargava's statement that children with borderline intelligence, such as the victim in this case, have a difficult time "cook[ing] things up or mak[ing] things up." (Internal quotation marks omitted.) Id. In addition, the petitioner cites the statement made by Guest in response to a question asked by the

petitioner's trial counsel. Trial counsel asked, "[s]o, the only way you know that he was sexually assaulted is because he said to you he was?" In response, Guest stated, "[y]es, I believed him. It was over time and consistent."[2] Finally, the petitioner refers to Massey's testimony in response to a two part question asked by the prosecutor. The prosecutor first asked if Massey believed that the victim's disclosures about the event in question were manipulative. Massey responded that she did not believe that the victim's disclosures were manipulative. The prosecutor then asked her why she thought that, and Massey responded that she based her opinion on a few things: "Mainly, his affect when he was depressed. When he was talking about it, I saw him cry. None of it seemed contrived or made up. [The victim] [w]ould only speak with a select few staff about that and was very concerned about other kids hearing about it . . . ."

In its memorandum of decision, the habeas court stated that it adopted the conclusion of this court that the admission of the testimony of Bhargava, Guest and Massey was not plain error. See *State* v. *Carneiro*, supra, 76 Conn. App. 431. In the petitioner's direct appeal to this court, he claimed that the admission of the testimony of Bhargava, Guest and Massey constituted plain error because their testimony improperly supported the credibility of the victim. This court rejected his claim and stated: "We conclude that, in this case, the admission of the testimony of Bhargava, Guest and

[2] After Guest had completed her testimony, the prosecutor asked the court to give a curative instruction with respect to Guest's statement. The court's curative instruction provided that "it did strike me when it happened, that Ms. Guest testified that she, in fact, believed the victim in this case . . . . I am instructing you that that is not an area of consideration for Ms. Guest. You are the ultimate finders of fact, and that means you make the ultimate decision whether or not the victim is believable. It's not up to her to make that determination, and you're not to accept the fact that she believed him as binding on you."

Massey does not amount to plain error. Assuming, without deciding, that the testimony was improper, [w]e do not agree that the admission of [the] testimony undermined the fairness or integrity of the trial afforded to the [petitioner]. Further we see nothing in the record that leads us to conclude that the verdict constituted manifest injustice to the [petitioner] or will lead to diminished confidence in our judicial system." (Internal quotation marks omitted.) Id., 431.

By adopting the conclusion of this court that the admission of the testimony of the three witnesses did not constitute plain error, the habeas court essentially concluded that the petitioner failed to prove the prejudice prong of *Strickland.* "It is well established that we need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim. . . . To prevail on the prejudice prong, the petitioner must demonstrate that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings. . . . Rather, [t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *Floyd* v. *Commissioner of Correction,* supra, 99 Conn. App. 530–31.

To prove that his counsel's errors resulted in prejudice to him under *Strickland,* the petitioner must prove that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different and, therefore, that the result of the trial was unreliable. In deciding that Bhargava's, Guest's and Massey's testimony did not undermine the fairness and integrity of the trial afforded to the petitioner and did not lead to a verdict that constituted manifest injustice

to the petitioner, this court essentially decided that the result of the proceeding would not have been different, even if the testimony of the three witnesses had not been admitted.

The judgment is affirmed.

In this opinion the other judges concurred.